ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| RAYMOND RODRÍGUEZ VAL<br><br>Peticionario<br><br>V.<br><br>DARSHAN M. RIVERA MALDONADO;<br>LA CASA DEL MARCO, INC.<br><br>Recurridos | TA2026CE00685 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2022CV07433<br><br>Sobre:<br>Cobro de dinero ordinario; Ley de Corporaciones |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de junio de 2026.

Comparece el señor Raymond Rodríguez Val (peticionario), quien solicita la revisión de una determinación consignada en una *Minuta* notificada el 28 de abril de 2026 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1] Mediante esta, el foro primario autorizó al administrador judicial de *La Casa del Marco, Inc.* (corporación), el señor Eduardo R. Jiménez Viñas, a continuar el cobro de sus honorarios contra los accionistas, el peticionario y la señora Darshan M. Rivera Maldonado, tras constatar que la corporación carecía de activos para satisfacer los mismos.

Por las razones que se exponen a continuación, procede desestimar este recurso por falta de jurisdicción.

Al amparo de la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025), se prescinde de la comparecencia

---

[1] Entrada Núm. 204 en el expediente del caso SJ2022CV07433 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). La misma esta firmada por el juez, por lo que se considera como Minuta-Resolución.

de cualquier parte con interés, a fin de lograr el más justo y eficiente despacho del recurso.

## I.

Este caso se originó el 19 de octubre de 2022, cuando el señor Rodríguez Val presentó una *Demanda* sobre acción derivativa, daños y perjuicios, cobro de dinero y el nombramiento de un administrador judicial contra la corporación y la señora Rivera Maldonado.[2]

Según la *Minuta* de la vista celebrada el 12 de julio de 2023,[3] el TPI, a solicitud de las partes, designó al señor Jiménez Viñas como administrador judicial de la corporación, determinación que se consignó en una *Orden* emitida el 14 de julio de 2023.[4]

Posteriormente, el 2 de febrero y el 16 de mayo de 2024, el administrador judicial presentó dos (2) facturas por sus gestiones: la primera por $7,796.25 y la segunda por $5,950.00, para un total reclamado a las partes ascendente a $13,746.25.[5]

Ante ello, el 17 de mayo de 2024, el TPI emitió y notificó una *Orden*, en la que declaró Con Lugar las facturas sometidas por el administrador judicial y concedió a las partes treinta (30) días para consignar en el Tribunal el pago de los referidos honorarios.[6]

El 27 de junio de 2024, el administrador judicial informó que, pese a que se ordenó que las partes consignaran los fondos para cubrir sus honorarios, el señor Rodríguez Val y la señora Rivera Maldonado no habían cumplido.[7]

Según la *Minuta* de la *Vista sobre el Estado de los Procedimientos* celebrada el 3 de julio de 2024, el TPI apercibió a las partes que, si los fondos corporativos resultaban insuficientes para

---

[2] *Íd.*, Entrada Núm. 1.
[3] *Íd.*, Entrada Núm. 65. Notificada el 13 de julio de 2023.
[4] *Íd.*, Entrada Núm. 69. Notificada el 17 de julio de 2023.
[5] *Íd.*, Entrada Núms. 131 y 152.
[6] *Íd.*, Entrada Núm. 152.
[7] *Íd.*, Entrada Núm. 156.

satisfacer los honorarios del administrador judicial, emitiría una orden para que los accionistas sufragaran cualquier deficiencia.[8]

El 30 de agosto de 2024, el señor Rodríguez Val solicitó el desistimiento sin perjuicio del caso.[9]

Más adelante, el 10 de septiembre de 2024, el administrador judicial presentó una tercera factura por $3,795, correspondiente a los servicios rendidos del 1 de julio de 2024 al 6 de septiembre de 2024.[10] A su vez, sometió un informe económico que reflejó sus honorarios acumulados por $17,541.25 como pasivo corporativo.[11] El TPI acogió y aprobó dicho informe el 13 de septiembre de 2024, mediante una *Resolución y Orden*, en la que dispuso que la corporación pagaría sus servicios y, en su defecto, lo harían el señor Rodríguez Val y la señora Rivera Maldonado como sus accionistas.[12]

Inconforme, el 30 de septiembre de 2024, el peticionario solicitó reconsideración.[13] Adujo que no procedía imponerle responsabilidad personal por los honorarios del administrador judicial, al tratarse de la deuda de una corporación que poseía personalidad jurídica separada. Sostuvo que no aplicaban las excepciones al principio de responsabilidad separada previstas en los artículos 4.07, 5.08, 5.22 y 9.12 de la *Ley General de Corporaciones*, Ley Núm. 164-2009, según enmendada, 14 LPRA secs. 3565, 3588, 3602 y 3712. Además, señaló que el accionista de una corporación disuelta solo respondía hasta lo menor entre su participación proporcional en la reclamación o lo recibido en la distribución, por lo que no era responsable personalmente en ausencia del sobrante. Asimismo, alegó que la intervención del administrador judicial fue provocada por la señora

---

[8] *Íd.*, Entrada Núm. 159. Notificada el 10 de julio de 2024.
[9] *Íd.*, Entrada Núm. 161.
[10] *Íd.*, Entrada Núm. 168.
[11] *Íd.*, Entrada Núm. 169.
[12] *Íd.*, Entrada Núm. 170.
[13] *Íd.*, Entrada Núm. 173.

Rivera Maldonado, quien debía responder en su carácter personal, no como accionista, si la corporación no satisfacía los honorarios.

Eventualmente, el 3 de octubre de 2024, el foro primario emitió y notificó una *Sentencia* mediante la cual declaró Con Lugar la solicitud de desistimiento del peticionario y ordenó el archivo sin perjuicio del caso por desistimiento.[14] Asimismo, dispuso la disolución y liquidación del negocio, cuyo producto de la venta de los bienes muebles e inmuebles se consignaría para el pago de los honorarios del administrador judicial y de las sanciones. Estableció que, si con el producto de la liquidación no se satisfacían los honorarios, se podían solicitar las órdenes que fueran necesarias para cobrar directamente a los accionistas según su responsabilidad en el manejo corporativo. Determinó que retuvo jurisdicción en el caso para asegurar el cumplimiento del dictamen, sin menoscabar el Artículo 12.04 de la *Ley General de Corporaciones*, *supra*, sec. 3784.

En desacuerdo, el 18 de octubre de 2024, el señor Rodríguez Val solicitó reconsideración.[15] Sostuvo que el TPI erró al mantener la posibilidad de imponerle responsabilidad personal por los honorarios del administrador judicial, cuando la *Ley General de Corporaciones*, *supra*, no lo permitía. Añadió que, de existir responsabilidad personal por las obligaciones corporativas, esta recaería sobre la señora Rivera Maldonado por su negligencia crasa. Además, cuestionó que, archivado el caso por desistimiento, se ordenara la liquidación corporativa y se retuviera jurisdicción sobre un remedio no solicitado.

El 21 de octubre de 2024, el TPI emitió y notificó una *Resolución Interlocutoria*, en la que acogió parcialmente la solicitud de reconsideración del peticionario en torno a la disolución

---

[14] *Íd.*, Entrada Núm. 175. Véase, además, Entrada Núm. 176, *Minuta de la Conferencia sobre el Estado de los Procedimientos* celebrada en igual fecha, notificada el 4 de octubre de 2024, en la cual se consignaron las determinaciones del foro recurrido en corte abierta.
[15] *Íd.,* Entrada Núm. 177.

corporativa.[16] Ello, pese a que no se objetó durante la vista de desistimiento. Así, estableció que enmendaría el dictamen, pero que retendría jurisdicción sobre las partes para atender el pago de los honorarios del administrador judicial.

En igual fecha, el foro primario emitió y notificó la *Sentencia Enmendada,* en la que reiteró el archivo sin perjuicio del caso.[17] Ordenó al administrador judicial cobrar sus honorarios de los activos corporativos y consignar el producto en el Tribunal para dicho pago. Aclaró que, una vez agotadas las gestiones contra la corporación, el administrador judicial podía solicitar el cobro directo a los accionistas, por lo que retuvo jurisdicción para asegurar el cumplimiento de la *Sentencia.*

Tiempo después, el 17 de marzo de 2026, el administrador judicial informó que las partes no habían satisfecho sus honorarios.[18]

En atención a lo anterior, el 22 de abril de 2026, el TPI celebró una vista en la que hizo constar, según la *Minuta,* que la factura del administrador judicial fue aprobada el 13 de septiembre de 2024 mediante una determinación final y firme.[19] Reiteró que, aunque el caso se archivó sin perjuicio, retuvo jurisdicción para asegurar el cobro de dichos honorarios, inicialmente contra la corporación y, de resultar infructuoso, contra sus accionistas. Tras constatar que la corporación carecía de activos y cuentas bancarias, según informado por el administrador judicial y confirmado por los accionistas, autorizó continuar los procedimientos de cobro contra el señor Rodríguez Val y la señora Rivera Maldonado.

Más adelante, el 18 de mayo de 2026, el tribunal de instancia emitió una *Orden sobre Ejecución de Sentencia*[20] y ordenó la

---

[16] *Íd.,* Entrada Núm. 178.
[17] *Íd.,* Entrada Núm. 179.
[18] *Íd.,* Entrada Núm. 194.
[19] *Íd.,* Entrada Núm. 204. Notificada el 28 de abril de 2026.
[20] *Íd.,* Entrada Núm. 207. Notificada el 19 de mayo de 2026.

expedición del correspondiente *Mandamiento*,[21] para ejecutar sobre bienes disponibles de las partes por $17,541.25, más $2,500.00 por concepto de costas, gastos y honorarios de abogado.

El 27 de mayo de 2026, el señor Rodríguez Val presentó un recurso de *certiorari* ante este Tribunal, en el que señaló que:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER RESPONSABILIDAD PERSONAL AL DEMANDANTE, COMO ACCIONISTA DE LA CORPORACIÓN DEMANDADA, POR OBLIGACIONES CORRESPONDIENTES A DICHA ENTIDAD JURÍDICA. LO ANTERIOR, A PESAR DE NO ESTAR PRESENTE EN EL CASO DE AUTOS NINGUNA DE LAS EXCEPCIONES DISPUESTAS POR LA LEY GENERAL DE CORPORACIONES DE PUERTO RICO PARA TAL PROCEDER.

El peticionario sostuvo que la controversia se circunscribía a determinar si, conforme a la *Ley General de Corporaciones, supra,* el TPI podía imponerle responsabilidad personal, en su calidad de accionista, por una deuda corporativa correspondiente a los honorarios del administrador judicial, ante la insuficiencia de activos. Alegó que no se presentó prueba para descorrer el velo corporativo ni se configuró alguna excepción estatutaria aplicable, ya que no se probó la publicación de informes falsos, el pago parcial de acciones, el pago ilícito de dividendos, la compra o redención de acciones, ni la disolución de la corporación. Añadió que las determinaciones emitidas en 2024 no le impusieron responsabilidad, sino que advirtieron que el foro recurrido retenía jurisdicción para emitir órdenes de cobro contra los accionistas en su carácter personal si la corporación no satisfacía la deuda. Expresó que no fue hasta la vista celebrada el 22 de abril de 2026 que el TPI le impuso tal obligación, al constatar que la corporación carecía de bienes, lo cual, a su juicio, contravino el principio de responsabilidad limitada de los accionistas.

---

[21] *Íd.,* Entrada Núm. 209. Notificada el 19 de mayo de 2026.

## II.

### A. Jurisdicción

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *JJJ Adventure v. Consejo de Titulares y otros*, 2025 TSPR 123, 216 DPR ___ (2025); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020); *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015). En su ausencia, el tribunal carece de facultad para adjudicar la controversia y cualquier dictamen emitido resulta nulo e inexistente. *Íd.*; *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Por ello, todo foro judicial debe examinar, en primer término, su jurisdicción, ya que no puede asumirla discrecionalmente. *JJJ Adventure v. Consejo de Titulares y otros, supra*; *Torres Alvarado v. Madera Atiles, supra.*

Cuando este Tribunal carece de jurisdicción para intervenir en un asunto, procede desestimar el recurso sin atender los méritos de la controversia. *Íd.* En ese sentido, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83, faculta a este foro a desestimar, a iniciativa propia, un recurso por falta de jurisdicción.

### B. *Certiorari*

Una determinación post-sentencia es revisable únicamente mediante el recurso de *certiorari,* cuya expedición descansa en la sana discreción de este Tribunal, a tenor con los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40. *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40.

### C. Doctrina de la ley del caso

Los derechos y las obligaciones adjudicados mediante un dictamen que advino final y firme constituyen la ley del caso. *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183, 200 (2020); *Mgmt. Adm. Servs. Corp. v. ELA*, 152 DPR 599, 606 (2000); *USI Properties Inc. v. Registrador*, 124 DPR 448 (1989). Esta doctrina promueve la estabilidad y certeza del derecho, de modo que las partes puedan conducir su proceder conforme a directrices judiciales confiables y certeras. *Berkan et al. v. Mead Johnson Nutrition, supra.* No obstante, solo puede invocarse cuando medie una decisión final en los méritos de la controversia. *Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1 (2016). Además, no es una norma inflexible que, al estar al servicio de la justicia, podía descartarse en circunstancias excepcionales cuando la determinación previa sea errónea y su aplicación produzca una grave injusticia. *Íd.*; *Berkan et al. v. Mead Johnson Nutrition, supra*; *Mgmt. Adm. Servs. Corp. v. ELA, supra*, pág. 608.

### III.

En este recurso, el señor Rodríguez Val solicitó que este Tribunal revisara la determinación del TPI de imponerle responsabilidad personal, en su carácter de accionista, por una obligación atribuida a la corporación, consistente en el pago de los honorarios del administrador judicial ante la insuficiencia de activos corporativos.

No obstante, el dictamen que pretende impugnar no surgió por primera vez de la *Minuta* notificada el 28 de abril de 2026, sino desde la vista celebrada el 3 de julio de 2024, cuando el foro recurrido

dictaminó que, si los fondos corporativos resultaban insuficientes, emitiría una orden para que los accionistas sufragaran cualquier deficiencia. Ello fue reiterado en la *Resolución y Orden* emitida el 13 de septiembre de 2024, en la *Sentencia* dictada el 3 de octubre de 2024 y en la *Sentencia Enmendada* del 21 de octubre de 2024, al disponerse que los honorarios del administrador judicial serían satisfechos por la corporación y, en su defecto, por los accionistas.

El peticionario advino en conocimiento de dicha determinación de la cual incluso solicitó reconsideración ante el foro primario; sin embargo, no instó oportunamente el correspondiente recurso para procurar su revisión en esta curia apelativa. Por tanto, el dictamen advino final y firme, por lo que este Tribunal está impedido de examinarlo mediante un recurso presentado en una etapa post-sentencia dirigida a ejecutarlo, una vez el TPI constató que la corporación carecía de activos y cuentas bancarias para satisfacer los honorarios.

Así las cosas, este Tribunal carece de jurisdicción para atender los méritos del planteamiento formulado por el señor Rodríguez Val. En ausencia de jurisdicción, procede desestimar el recurso.

**IV.**

Por los fundamentos que anteceden, se desestima el recurso presentado por el señor Rodríguez Val.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones